04-CV-05867-CMP

FILED ___ LODGED
___ RECEIVED

DEC 2 0 2004

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| **ANTHONY P. KEYTER** | ) | **Case No.** |
| **Plaintiff        (Pro Se)** | ) | **C04  5867 RSB** |
| | ) | |
| | ) | **COMPLAINT IN CIVIL** |
| **Vs** | ) | **CLAIM FOR DAMAGES /** |
| | ) | **ACTION TO COMPELL** |
| | ) | |
| | ) | |
| **230 GOVERNMENT OFFICERS** | ) | |
| **Defendants** | ) | |
| **(Names Listed in Section II.)** | ) | **- JURY DEMAND** |
| | ) | **- DEMAND FOR EXTERNAL** |
| | ) | **   PANEL OF JUDGES** |

## I. NATURE OF THE CASE

1. Plaintiff Anthony P. Keyter brings this civil action for damages against **230 officers** of the Washington State and Federal governments, **in their personal capacities.** This claim arises from a conspiracy by the 230 officers to commit crimes, to obstruct the

1

administration of the laws, to defeat the ends of justice, to provide protection to criminals, and to deny the Plaintiff the right to protection of the laws and the rights to his lawful property. Each of these officers furthered the aims of that conspiracy.

2. Each of the Defendants from whom damages is claimed, owed the Plaintiff a legal duty not to breach the laws of the United States and of Washington State and cause him harm. However, in malicious and reckless disregard for those legal duties towards the Plaintiff, each of the Defendants violated their duty and as a consequence caused the Plaintiff harm and loss. The breaches of law committed by the Defendants are serious in nature and include misprision of felony, conspiracy to commit crimes, and rendering criminal assistance. The Defendants all hold responsible positions in government and amongst them are senior members of society.

3. Through this civil claim restitution is sought for the harm and loss that the unbridled criminality and breaches of common law, committed by these government officers, have caused the Plaintiff.

4. Plaintiff petitions the Court to compel the Defendants by way of mandamus to obey the law, and to perform their respective duties pertaining to a large parcel of criminal allegations provided to each, which duties are circumscribed by the laws of Washington State and the United States.

## II. PARTIES

**PLAINTIFF:**

Name of Plaintiff: Anthony P. Keyter
Address: 6200 Soundview Dr. R201,
Gig Harbor, WA.   98335
Telephone: (253) 853 3859

2

1    **DEFENDANTS:**

2    **Washington State Executive:**
     Address: Washington State Capital, P.O. Box 40002, Olympia, WA.  98504
3    1st Defendant: Gary Locke, Governor
     2nd Defendant: Brad Owen, Lt. Governor
4    3rd Defendant: Sam Reed, Secretary of State
     4th Defendant: Christine Gregoire, Attorney General
5
6    **Washington State Courts**
     Address: Temple of Justice, P.O. Box 40929, Olympia, WA. 98504
7    5th Defendant: Gerry Alexander, Chief Justice
     6th Defendant: Marywave Van Deren, Appeals Court Judge
8    7th Defendant: Deborah Fleck, Superior Court Judge

9    **Washington State Committee on Judicial Conduct**
     Address: P.O. Box 1817, Olympia, WA. 98507
10   8th Defendant: Sherry Appleton
     9th Defendant: Vivian Caver
11   10th Defendant: Marianne Connelly
     11th Defendant: Gregory Dallaire
12   12th Defendant: Michael E. Donohue, Judge
     13th Defendant: Margo Keller
13   14th Defendant: Connie Michener
     15th Defendant: Ruth Reukauf, Judge
14   16th Defendant: John A. Schultheis, Judge
     17th Defendant: K. Collins Sprague
15   18th Defendant: Todd K. Whitrock
     19th Defendant: Mary Kay Becker, Judge
16   20th Defendant: John McCarthy, Judge
     21st Defendant: Antonio Cube, Sr.
17   22nd Defendant: Joseph Delay
     23rd Defendant: Judie Fortier
18   24th Defendant: Nora Gallaher
     25th Defendant: Lorraine Lee
19   26th Defendant: Wanda Briggs
     27th Defendant: Mike Sotelo
20   28th Defendant: Betsy Wilkerson
     29th Defendant: Judge Clark
21   30th Defendant: David Akana
     31st Defendant: Barrie Althof
22

23

24

3

1

2
**Senators - Washington State Senate**
**Address: Washington State Capital, P.O. Box 40600, Olympia, WA. 98504**

3
32nd Defendant: Don Benton
33rd Defendant: Dale Brandland

4
34th Defendant: Lisa Brown
35th Defendant: Don Carlson

5
36th Defendant: Alex Deccio
37th Defendant: Mark Doumit

6
38th Defendant: Tracey Eide
39th Defendant: Luke Esser

7
40th Defendant: Darlene Fairley
41st Defendant: Bill Finkbeiner

8
42nd Defendant: Rosa Franklin
43rd Defendant: Karen Fraser

9
44th Defendant: Patricia Hale
45th Defendant: Jim Hargrove

10
46th Defendant: Mary Margaret Haugen
47th Defendant: Mike Hewitt

11
48th Defendant: Jim Honeyford
49th Defendant: Jim Horn

12
50th Defendant: Ken Jacobsen
51st Defendant: Stephen Johnson

13
52nd Defendant: Jim Kastama
53rd Defendant: Karen Keiser

14
54th Defendant: Adam Kline
55th Defendant: Jeanne Kohl-Welles

15
56th Defendant: Rosemary McAuliffe
57th Defendant: Bob McCaslin

16
58th Defendant: Bob Morton
59th Defendant: Joyce Mulliken

17
60th Defendant: Bob Oke
61st Defendant: Linda Evans Parlette

18
62nd Defendant: Erik Poulsen

19
63rd Defendant: Margarita Prentice
64th Defendant: Marilyn Rasmussen

20
65th Defendant: Aaron Reardon
66th Defendant: Debbie Regala

21
67th Defendant: Pam Roach
68th Defendant: Dino Rossi

22
69th Defendant: Dave Schmidt
70th Defendant: Larry Sheahan

23
71st Defendant: Betti Sheldon
72nd Defendant: Tim Sheldon

24
73rd Defendant: Paull Shin

4

1  74th Defendant: Harriet Spanel
   75th Defendant: Val Stevens
2  76th Defendant: Dan Swecker
   77th Defendant: Pat Thibaudeau
3  78th Defendant: James West
   79th Defendant: Shirley Winsley
4  80th Defendant: Joseph Zarelli

5  **Representatives – Washington State House of Representatives**
6  **Address: Washington State Capital, P.O. Box 40600, Olympia, WA.  98504**
   81st Defendant: John Ahern
7  82nd Defendant: Gary Alexander
   83rd Defendant: Glenn Anderson
8  84th Defendant: Mike Armstrong
   85th Defendant: Barbara Bailey
9  86th Defendant: Brad Benson
   87th Defendant: Jean Berkey
10 88th Defendant: Brian Blake
   89th Defendant: Marc Boldt
11 90th Defendant: Jim Buck
   91st Defendant: Roger Bush
12 92nd Defendant: Jack Cairnes
   93rd Defendant: Tom Campbell
13 94th Defendant: Michael Carrell
   95th Defendant: Bruce Chandler
14 96th Defendant: Maralyn Chase
   97th Defendant: Frank Chopp
15 98th Defendant: Jim Clements
   99th Defendant: Judy Clibborn
16 100th Defendant: Eileen Cody
17 101st Defendant: Cary Condotta
   102nd Defendant: Steve Conway
18 103rd Defendant: Mike Cooper
   104th Defendant: Don Cox
19 105th Defendant: Larry Crouse
   106th Defendant: Jeannie Darneille
20 107th Defendant: Richard DeBolt
   108th Defendant: Jerome Delvin
21 109th Defendant: Mary Lou Dickerson
   110th Defendant: Hans Dunshee
22 111th Defendant: Jeanne Edwards
   112th Defendant: William Eickmeyer
23 113th Defendant: Doug Ericksen
   114th Defendant: Dennis Flannigan
24 115th Defendant: Bill Fromhold

116th Defendant: Jeff Gombosky
117th Defendant: Bill Grant
118th Defendant: Kathy Haigh
119th Defendant: Shirley Hankins
120th Defendant: Brian Hatfield
121st Defendant: Bill Hinkle
122nd Defendant: Janéa Holmquist
123rd Defendant: Zack Hudgins
124th Defendant: Sam Hunt
125th Defendant: Ross Hunter
126th Defendant: Fred Jarrett
127th Defendant: Ruth Kagi
128th Defendant: Phyllis Gutierrez Kenney
129th Defendant: Lynn Kessler
130th Defendant: Steve Kirby
131st Defendant: Dan Kristiansen
132nd Defendant: Patricia Lantz
133rd Defendant: Kelli Linville
134th Defendant: John Lovick
135th Defendant: Dave Mastin
136th Defendant: John McCoy
137th Defendant: Joe McDermott
138th Defendant: Joyce McDonald
139th Defendant: Jim McIntire
140th Defendant: Lois McMahan
141st Defendant: Cathy McMorris
142nd Defendant: Thomas Mielke
143rd Defendant: Mark Miloscia
144th Defendant: Jim Moeller
145th Defendant: Dawn Morrell
146th Defendant: Jeff Morris
147th Defendant: Edward Murray
148th Defendant: Daniel Newhouse
149th Defendant: Toby Nixon
150th Defendant: Al O'Brien
151st Defendant: Ed Orcutt
152nd Defendant: Kirk Pearson
153rd Defendant: Eric Pettigrew
154th Defendant: Cheryl Pflug
155th Defendant: Skip Priest
156th Defendant: David Quall
157th Defendant: Dan Roach
158th Defendant: Phil Rockefeller
159th Defendant: Sandra Singery Romero
160th Defendant: Laura Ruderman

6

161st Defendant: Sharon Tomiko Santos
162nd Defendant: Lynn Schindler
163rd Defendant: Mark Schoesler
164th Defendant: Shay Schual-Berke
165th Defendant: Barry Sehlin
166th Defendant: Jan Shabron
167th Defendant: Geoff Simpson
168th Defendant: Mary Skinner
169th Defendant: Helen Sommers
170th Defendant: Brian Sullivan
171st Defendant: Bob Sump
172nd Defendant: Gigi Talcott
173rd Defendant: Rodney Tom
174th Defendant: Dave Upthegrove
175th Defendant: Velma Veloria
176h Defendant: Deb Wallace
177th Defendant: Alex Wood
178th Defendant: Beverly Woods

**Washington State Executive Ethics Board**
**Address: 2425 Bristol Court SW, PO Box 40149, Olympia, WA. 98504**
179th Defendant: James Vaché
180th Defendant: Marilee Scarbrough
181st Defendant: Laquita Fields
182nd Defendant: Paul Zellinski
183rd Defendant: Trish Akana
184th Defendant: Brian Malarky

**Washington State Legislative Ethics Board**
**Address: Washington State Capital, PO Box 40482, Olympia, WA. 98504**
185th Defendant: Paul Aldinger
186th Defendant: James Anderson
187th Defendant: William Asbury
188th Defendant: John Betrozoff
189th Defendant: Ruth Schroeder
190th Defendant: Mike O'Connell

**Pierce County Councilors**
**Address: Pierce County Council, 930 Tacoma Ave S, Tacoma, WA. 98402**
191st Defendant: Shaun Bunney
192nd Defendant: Paul Bocchi
193rd Defendant: Barbara Gelman
194th Defendant: Calvin Goings
195th Defendant: John Ladenburg, Executive Officer
196th Defendant: Terry Lee

1   197th Defendant: Harold Moss
    198th Defendant: Kevin Wimsett
2
    **Tacoma City Councilors**
3   **Address: Tacoma City Council, 747 Market St., Suite 1200, Tacoma, WA. 98402**
    199th Defendant: Bill Baarsma, Mayor
4   200th Defendant: Bill Evans
    201st Defendant: Connie Ladenburg
5   202nd Defendant: Mike Lonergan
    203rd Defendant: Sharon McGavick
6   204th Defendant: Doug Millar
    205th Defendant: Bil Moss
7   206th Defendant: Kevin Phelps
    207th Defendant: Rick Talbert
8
    **Washington State Patrol**
9   **Address: General Administration Building, PO Box 42600, Olympia, WA. 98504**
    208th Defendant: Ronal Serpas, Chief
10  209th Defendant:  Lt. Davis
    210th Defendant: Sergeant Dahl
11  211th Defendant: Joe Olson
12
    **Pierce County Sheriff's Department**
13  **Address:  930 Tacoma Ave S, Tacoma, WA. 98402**
    212th Defendant: Paul Pastor, Sheriff
14  213th Defendant: Graig Adams
    214th Defendant: Deputy Brame
15
    **City of Tacoma Police Department**
16  **Address:  930 Tacoma Ave S, Tacoma, WA. 98402**
    215th Defendant: Catherine Woodard, Deputy Chief of Police
17
    **City of Gig Harbor Police Department**
18  216th Defendant: Mitch Barker, Chief of Police
    217th Defendant: Officer Entze
19
    **Pierce County Prosecutors Office**
20  **Address:  930 Tacoma Ave S, Tacoma, WA. 98402**
    218th Defendant: Gerald Horne, Chief Prosecuting Attorney
21  219th Defendant: Gerald Costello, Prosecuting Attorney
22
    **United States Department of Justice, Seattle**
23  **Address:  601 Union St., Suite 5100, Seattle, WA. 98101**
    220th Defendant: John McKay, US Attorney
24  221st Defendant: Donald Currie, Assistant US Attorney

8

**FBI, Seattle**
**Address: 1110 Third Ave, Seattle, WA. 98101**
222nd Defendant: Charles Mandigo, Special Agent in Charge
223rd Defendant: Danny Barkley, Supervisory Special Agent
224th Defendant: (Unnamed female) Special Agent on Duty, 3.30pm, March 5, 2003

**United States Department of Justice, Washington DC**
**Address: U.S. Department of Justice, Washington DC, 20530**
225th Defendant: Ralph Boyd, Jr. - Assistant United States Attorney General
226th Defendant: Albert Moskowitz – Chief, Criminal Section, Civil Rights Division
227th Defendant: Ysmael Fonseca – Paralegal Specialist, Criminal Section.
228th Defendant: Norman Hillman – Chief, Public Integrity Section.
229th Defendant: Lisa Frank, Supervisory Litigation Support Specialist, Public Integrity Section

**Washington State Attorney General's Office**
**Address: 1125 Washington St. SE, PO Box 40100, Olympia, WA. 98504**
230th Defendant: Jeffrey Goltz, Deputy Attorney General

## III. JURIDICTION, VENUE, AND EXTERNAL JUDGES

### Jurisdiction

5.  The United States District Court for the Western District of Washington has original jurisdiction of all civil actions arising under the laws of the United States, and therefore this court has jurisdiction over plaintiff's claim, under 28 USC § 1331.  This Court has further original jurisdiction pursuant to 28 USC § 1361 as an aspect of this case is in the nature of mandamus to compel an officer of the United States to perform a duty owed to the Plaintiff.

6.  This Court has supplemental jurisdiction over the Plaintiff's state law claim under 28 USC § 1367.

### Venue

7.  Venue properly lies in this court pursuant to 28 USC § 1391 (e), BECAUSE (1) a substantial part of the events or omissions, giving rise to the claim, occurred in this

district, and (2) a substantial part of property that is the subject of the action is situated in this district, and (3) most of the Defendants reside in this judicial district, and (4) the Plaintiff resides in this judicial district.

### *Request for External Judges*

8. Due to the nature and complexity of the case, Plaintiff requests that a special panel of three judges from outside the state be convened to preside over the case. Amongst the Defendants to this case are ten judges from Washington State, including the Chief Justice. Also included amongst the Defendants are the Governor, the Attorney General, the Secretary of State, and other senior members of the Washington State Government. Rationally, an impartial and fair hearing cannot be expected from a local judge.

## IV.  PRO SE

9. Illegally deprived of his assets and a large portion of his income by the very people defending this case, the Plaintiff is unable to afford those bright legal minds who might navigate the peculiar legal convention and the maize of rules and conflicting laws in order to claim restitution for his losses. Despite that very effective method to deny a citizen justice, the conduct of the Defendants in violating the accepted common law norms of society and thereby causing the Plaintiff harm and loss is not only morally wrong but also legally indefensible, and must not be allowed to go unpunished without restitution.

10. The Plaintiff thus proceeds pro se in this case guided by the principles enshrined in the Constitution and by an inner sense of what is morally right and wrong - guided by those very values which every American would like to see their fellow citizens live by.

## V. BACKGROUND, FACTS, EVENTS.

### *Milieu*

11. The founding fathers of America have enshrined noble principles in the Constitution of the United States – principles of freedom, justice, and the protection of individual rights. Legislators have translated these principles into some admirable laws. Yet, other laws leave much to be desired. The entanglement of conflicting laws provides judges with no clear guidance or parameters. Thus judges have carte-blanche to miscreate. It is in the area of the administration of the laws that something has gone dreadfully awry.

12. Two sets of standards have developed in the execution of the laws – one set of standards is applicable to the general populace, the other applicable to those in authority. Officials in positions of authority who abuse their positions and the law may generally do so with impunity. This has become the norm and there is no effective antidote available to the general population. The administrative system and certain laws in fact protect such abusers from accountability. This further encourages immoral and corrupt behavior amongst officials.

13. There are enormous obstacles in the path of the common man who aims to bring an official to justice for misconduct or crimes committed. Every member of the public, who has attempted that, can attest thereto. Officials who are tasked with administering the laws will simply fail to take action against offenders in their midst. This is by far the most effective method to protect a delinquent peer. This collusion amongst officialdom to protect their own from criminal accountability is widespread throughout all branches of government: executive, legislative, and law enforcement/judiciary. This profound malevolence permeates through every level of government: city, county, state, and federal.

14. The Plaintiff in this case was illegally stripped of his property by an errant judge acting in collusion with two others. For three years the Plaintiff has attempted to retrieve his property, and attempted to bring the perpetrators of the crimes to book. In his efforts, the Plaintiff made nine hundred and twenty (920) individual written requests to three hundred and three (303) officials from the most junior police officer to the highest authorities in the land. Plaintiff's efforts met with callous indifference. The cover up of crimes committed by officials is absolute. In practice, government officers are unassailable.

15. The lofty principles established by the Constitution have been usurped by those in present day government with lesser and darker intentions. The pernicious effect of this callous abuse has a harsh impact upon society. The United States of today is not the benign society which the founding fathers aspired to create through the higher values enshrined in the Constitution.

### *Facts / Events*

*Initiating Cause*

16. On January 4, 2002, and on July 17, 2002, a judge presiding over a marital dissolution in Washington State Superior Court Case # 00-3-02932-1, colluded with two others and fraudulently and illegally seized virtually all the Plaintiff's assets and a substantial portion of his future income. Amongst the crimes associated with that illegality were 245 counts of perjury, 12 counts of fraud, burglary, theft, and tampering with court evidence.

17. The marriage was childless and it was dissolved on the premise of 'no-fault'. However, the judge entered the court with premeditated intent to favor the woman, regardless of fact, regardless of evidence, and regardless of law. In flagrant violation of agreements, contracts, and law, the judge effectively allocated 100% of the estate to the wife. In

12

addition, the judge awarded the Plaintiff's entire (401K) pension to the wife. The judge also awarded the wife a substantial portion of his income as maintenance, for the remainder of Plaintiff's working career. This order was made despite the fact that both parties were able-bodied and adequately qualified to work. In her judgment, the judge violated 36 statutes.

*Seeking Rectification*

18. In order to seek rectification and justice, the Plaintiff lodged criminal charges against the perpetrators of the crimes with police and prosecutors in Washington State so as to enforce the laws of the state, reverse the illegal state action, and to recover property unlawfully seized by the judge. *Prima Facie* evidence of the crimes was provided to each authority. However, officers from these authorities omitted to perform their legal duties to investigate and prosecute the crimes committed by the judge and two others, and instead embarked upon a conspiracy to protect the criminals.

19. Further requests were made to officers of other government institutions and agencies to enforce the laws and retrieve the Plaintiff's assets which were illegally seized. Officer upon officer and authority upon authority failed to perform the duties required of them by law. Rather, they elected to protect the judge and the malfeasant officers involved, and elected to cover up the crimes.

*Exhaustive Measures*

20. The Plaintiff took exhaustive measures to seek justice and restitution and to animate the law enforcement process, but to no avail. Three hundred and three (303) officers, who held pertinent positions in Washington State and Federal governments, were approached by the Plaintiff for assistance. Amongst them are high officials of state and federal government, including the Washington State Governor, the Attorney General, the Secretary of State, the Chief Justice, and four (4) police chiefs. Amongst federal officials are FBI agents, a US Attorney, an Assistant Attorney General of the United States, and other senior officials.

13

21. The Plaintiff made nine hundred and twenty (920) individual written requests to officials from thirty two (32) different institutions of government to enforce the laws **(See Appendix 2)**. These institutions include State and Federal Executive Offices, State and Federal Attorney General Offices, State and Federal Legislatures, State and Federal Judiciary Committees, four police departments, and the FBI.

22. The two hundred and thirty (230) Defendants in this case were amongst the officials approached by the Plaintiff to address the crimes and to retrieve illegally seized assets. Hundreds of requests were made to the Defendants. Information was provided to the Defendants in a "Dossier of Crimes" which meticulously details and provides *prima facie* evidence of the crimes. Alternatively, the Defendants were advised where such a dossier was available for their use.

23. Each one of the Defendants held a special position of trust in society and a pertinent position in government to deal with violations of law. Each Defendant had a statutory duty, a common law duty and a moral duty to adhere to the request by the Plaintiff to address the crimes. Each one of the Defendants failed to perform their legal and moral duties. However, providing protection to criminals is a crime. Failure to have them identified is a crime.

24. Criminal charges were filed against Defendants for failure to investigate and prosecute, or alternatively to initiate the investigations and prosecutions of the crimes presented to them. However, Defendants' crimes were not investigated or prosecuted either.

*Conspiracy to commit crimes*

25. To a large degree, group activity enhances the successful outcome of criminal endeavor. The hierarchical structure of government and law enforcement should normally take care of any individual offence or failure of duty in its ranks. Any criminal act or omission by an individual Defendant would in itself not have grave consequences. However, the collective criminal actions by Defendants defeated the

14

ends of justice in its entirety.

26. In this case, one Defendant performed one part of the act; another performed the other part of the act, and a mutually protective barrier was set up around the Defendants which covered up any criminal wrongdoing amongst themselves.   The incestuous relationship of the entire group of offenders served to complete the closed loop of reciprocal protection against the consequences of their crimes, to the total negation of their statutory obligations.

27. Each Defendant combined with all the other Defendants to further the aims of the group to commit offences and to obstruct justice.  This collusion by Defendants to defeat the course of justice ran throughout the very 'government function' which was called upon to deal with the crimes, and as a consequence the Defendants became part of the wider conspiracy to cover up the crimes.

28. Accordingly, criminal charges of conspiracy were filed against all the Defendants.  In terms of the criminal statute 18 USC § 371 and 18 USC § 3, each principal offender is also a co-conspirator and an accessory to the crimes of the other conspirators.  In this way the crimes proliferated and a staggering *1.6 million crimes* committed by officials of Washington State and the Federal Government have to date been documented and lodged in this case.

29. Despite numerous requests to officials in pertinent positions of authority and decision-making, not one has acted on the allegations of 1.6 million crimes.  Not one has acted to provide the Plaintiff the protection of the law, or acted to recover illegally seized assets.  To date, the crimes and the major criminal conspiracy in government continue unabated, without being investigated or prosecuted.

30. The crimes associated with this criminal conspiracy are of a serious nature and include, amongst others, the following: Failure of Duty (RCW 42.20.100); Official Misconduct

(RCW 9A.80.010); Rendering Criminal Assistance (RCW 9A.76.050); Violation of RCW 2.28.030 as Accomplices; 514,374 counts of Conspiracy against Rights (18 USC § 241); 514,374 counts of Conspiracy to Commit Offense (18 USC § 371); Deprivation of Rights under color of law (18 USC § 242); 53,900 counts of Misprision of Felony (18 USC § 4); 514,374 counts of Accessory after the Fact (18 USC § 3); Obstruction of Justice (18 USC § 1505); Tampering with Court Evidence (RCW 9A.72.150).

31. For a list of the obvious laws violated by the conspirators, see **Appendix 1.**

32. By joining a conspiracy against the very values and principles of 'Justice', 'Freedom', and 'the Rights of the Individual' enshrined in the Constitution, the Defendants bring the entire nation into disrepute amongst the 'family of civilized nations' and should be held accountable for their misdeeds.

*Obligation to report crimes*

33. Two sources of law obligate the Defendants to deal with felonies and other crimes which have been brought to their attention. Firstly, the law on Misprision of Felony requires that: "whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States" is guilty of Misprision of Felony. (18 USC § 4).

34. Secondly, there is an imperative in society which dictates that if you have knowledge of the actual commission of a crime committed against a fellow human being, you are morally obliged to assist him, or make the crime known to somebody who can assist him. Every citizen has that moral obligation. That is a common law responsibility in order to secure a benevolent society. The legislators placed so much importance on this common law principle that they incorporated it into the statutes. (18 USC § 4 - discussed above).

16

35. The Defendants have, in flagrant disregard for both the statutes and common law violated their obligations. The Defendants did not act upon their knowledge of felonies and other crimes and upon their knowledge that those crimes have caused the Plaintiff harm and loss. They should either have investigated or prosecuted (or initiated same), or alternatively, they should have passed the information on to somebody in authority who would have addressed the crimes. Each Defendant had the capacity to act. Each Defendant failed to act.

*Violation of Constitutional Rights*

36. Every citizen living in the United States has by law the following two inalienable rights - that of lawful ownership of property, and that of equal protection of the laws, viz.:
   US Constitution - Amendment XIV, Section 1: ".... nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws". This avowal is echoed by the Washington State Constitution, Section 3 - Personal Rights: "No person shall be deprived of life, liberty, or property, without due process of law".

37. As officers of the Washington State and/or Federal governments, the Defendants, both as individuals and collectively as conspirators: denied the Plaintiff equal protection of the laws; denied the Plaintiff due process of law; and were accessories to the deprivation of the Plaintiff's property without the due process of law.

*Plaintiff's loss*

38. As a direct result of the malfeasance of the two hundred and thirty (230) Defendants in this case, the Plaintiff suffered the loss of his assets and future income to the value of $376, 865. One purpose of this action is to recover losses incurred through the malfeasance of the Defendants.

*Action to Compel*

39. There is in society today a parcel of 1.6 million allegations of crimes which the

authorities have willfully failed to address.  As the crimes were committed by officials, there is little or no chance that these crimes will be addressed by the authorities (the facts to be revealed by this case will prove this statement).

40. Each of the government officials listed in this complaint as a Defendant was at various stages provided access to a dossier describing the crimes.  The 1017 -page "Dossier of Crimes" contains meticulous details and prima facie evidence of the criminal allegations.  Each Defendant had a duty to investigate and/or prosecute, or to initiate same, but each Defendant failed.  Yet, the social order cannot tolerate such lawlessness.

41. Accordingly, the Plaintiff will petition this Court for a mandamus to compel each Defendant to deal with the particular parcel of criminal allegations placed before him/her, each according to his own statutory duties.

### *Summary*

42. The Plaintiff was stripped of virtually all of his property through criminal acts committed by a judge and two others.  The Plaintiff requested the Defendants to administer their statutory and common law duties to bring the perpetrators to book in order to recover his assets.  The Defendants willfully withheld their specific function and key role in the administration of the law, thereby denying the Plaintiff the protection of the law and 'due process',  and causing him harm and loss of $376,865.  Through this action the Plaintiff is seeking: to recover his loss in damages; to impose punitive measures upon the Defendants as a deterrent to other malfeasant officers; and to petition the Court to compel delinquent servants of the people to perform their duty to the people obligated by law.

43. This trial will disclose the cover-up of innumerable criminal acts involving two hundred and thirty (230) officials of government - from the most junior police officers, through their police chiefs, to prosecutors, judges, state executives, legislators, and

ultimately, to the top echelons of the Department of Justice and the Government of the United States. The facts of this case will demonstrate the endemic corruption in the administration of justice in the United States, and the large-scale cover-up of crime and the protection by officials of their own. The criminality embroils the very people whose function it is to see to, and/or oversee, the administration of justice.

44. Yet, the corruption disclosed is not unique to this case. It is merely a reflection of the trauma that plays out in the United States courts day after day, year after year, court upon court, state upon state, and administration upon administration. The rot in the system laid bare by this case will point to a cataclysmic failure in the execution of justice and governance. This particular brand of tyranny engenders a violent impact upon society – the violence by government upon its own people.

## CAUSES OF ACTION

## VI.  FIRST CAUSE OF ACTION

### Violation of Common Law Duty

45. The Plaintiff re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. Every member of society, without exception, has a moral obligation to all other members of society not to cause anybody harm or loss. There is no class of people in society who are exempt from this basic tenet of society.

47. Every member of society, without exception, has a moral obligation to all other members of society to live by the norms of society. In Washington State, for instance, those norms are obligated in the United States Constitution; the Washington State Constitution; Federal law; Washington State law; Common Law, and other laws.

48. The laws serve to govern the moral behavior of society, and serve to bring about a benign and civil society. Thus there is a moral duty as well as a legal duty upon all in

19

society, including the Defendant(s), not breach any rules or laws of society which act or omission may cause another, including the Plaintiff, harm or loss.

49. Like any other citizen of Washington State and the United States of America, the Plaintiff, has the right to live and function in that orderly and civilized society created by the rules and laws of society.   The Plaintiff has a right to enjoy all the benefits which those rules and laws provide.  In short, the Plaintiff has the *right* to the protection of the law.   The Plaintiff has a right that others in society, including the Defendant(s), do not breach any laws which may impinge upon his rights and cause him harm and loss.  The Defendant(s) conversely owed the Plaintiff a legal duty to obey the laws – a legal duty not to breach any laws which may impinge upon the Plaintiff and cause him harm and loss.

50. The Defendant(s) has in conscious, willful, and malicious violation of his/her common law duties to the Plaintiff engaged in conduct which caused, and continues to cause, the Plaintiff harm and loss.   That conduct included, but is not limited to the following: maliciously and willfully conspiring with others against the rights of the Plaintiff; conspiring with others to commit violations of law; assisting criminals who had committed crimes to evade accountability; obstructing the natural course of justice; failing their statutory duties and other acts which may have brought the Plaintiff succor. These acts may further be surmised by considering the common law duties which underlie the criminal violations committed by the Defendant(s) and listed in **Appendix 1.**

51. The Defendant(s) knew, or reasonably should have known, that the Plaintiff would suffer harm and loss should the Defendant(s) breach his/her common law duties towards the Plaintiff.

52. By reason of the Defendant(s)' conscious, willful, and malicious conduct in violation of his/her legal duties, the Plaintiff has suffered and continues to suffer harm and loss.

20

# VII.  SECOND CAUSE OF ACTION

### Breach of special position of trust
### Breach of special duty

53. The Plaintiff re-alleges paragraphs 1 through 44 as if fully set forth herein.

54. By virtue of their professional or official positions, certain people in the community such as doctors, priests or mayors, assume a particular status in society.  Their status encumbers upon such people a special duty of trust towards society.

55. By taking on his/her particular position in government, the Defendant(s) in this case also assumed a special status in society, and consequently they also assumed a special duty towards society associated with that status.  The Defendant(s) assumed a special duty commensurate with the particular nature of his/her status in society.  For example, the common law duty of a judge differs to that of a junior policeman.  Nevertheless, amongst other special duties, the Defendant(s) has a self-assumed duty to maintain and advance an orderly, civil and benevolent society.  That is the innate nature of his/her work and of the mantle of 'higher esteem' assumed in society – that special position of trust.

56. The Plaintiff had a right to rely on the Defendant(s) self-assumed special duty. Defendant(s) failed to exercise reasonable care in the performance of his/her duty. When faced with overwhelming lawlessness, Defendant(s) failed to act commensurate with his/her position of 'high esteem' in society and with his/her special duty.  Further, Defendant(s) suppressed information that would have assisted others to maintain and advance lawfulness and civility in the community.

57. The Defendant(s) continuing conduct constitutes an intentional breach of his/her special position of trust and his/her special duty to society, including the Plaintiff.

21

58. The Defendant(s) knew, or reasonably should have known, that the Plaintiff would suffer harm and loss should the Defendant(s) breach his/her common law duties towards the Plaintiff.

59. As a direct and proximate cause of Defendant(s)' breach, the Plaintiff has suffered, and continues to suffer, harm and loss.

## VIII. THIRD CAUSE OF ACTION

**Violation of Common Law duties regarding the reporting, and/or acting upon, harmful acts visited upon others (Common Law equivalent of Misprision of Felony)**

60. The Plaintiff re-alleges paragraphs 1 through 44 as if fully set forth herein.

61. Neglecting your duty as a human being is morally wrong.

62. Should you have knowledge of the actual commission of a crime committed against a fellow human being, you are morally obliged to assist him, or make the crime known to somebody who can assist him. This principle is well entrenched in our common law.

63. In fact, legislators have considered this notion such an important principle of civil society that they have termed its neglect a crime. Failing to report a crime to an authority who will address that crime is termed 'Misprision of Felony" in the statutes. Upon serious contemplation by our legislators, the law was enacted for a very sound reason, which is to bring civility into our society.

64. The Plaintiff made known to the Defendant(s) the fact that criminal and harmful acts had been committed against him and requested assistance. The Plaintiff provided the Defendant(s) with details and with prima facie evidence of the criminal and harmful acts, or advised the Defendant(s) where that detail and evidence was available for his/her information and action.

22

65. The Defendant(s) owes the Plaintiff a legal duty not to act unlawfully and violate common law which violation would cause the Plaintiff harm and loss. The Defendant(s) owes the Plaintiff a duty to report or act upon criminal acts committed against the Plaintiff. More so when the Defendant(s) holds a special position of trust in society, and consequently possesses far greater capacity for harm than the ordinary citizen. The Plaintiff had a right to rely on that legal duty.

66. With reckless disregard for his/her legal duties towards the Plaintiff regarding the reporting of criminal acts visited upon others, (and his/her legal duties to the state in terms of 18USC 4), the Defendant(s) failed to take reasonable and prompt action upon the information provided to him/her. Further, Defendant(s) suppressed information that would have assisted others to maintain and advance lawfulness and civility in the community. By his/her conduct, the Defendant(s) violated his common law duty to the Plaintiff.

67. The Defendant(s) knew, or reasonably should have known, that the Plaintiff would suffer harm and loss should the Defendant(s) omit to execute his/her legal duties.

68. By reason of the Defendant(s)' conscious, willful, and malicious conduct in violation of his/her common law duties, the Plaintiff has suffered and continues to suffer harm and loss.

## IX. FOURTH CAUSE OF ACTION

### Violation of 18 USC 4 - Misprision of Felony

69. Plaintiff re-alleges paragraphs 1 through 44 as if fully set forth here in.

70. Pursuant to 18 USC 4 of US Code, it is a crime to have "knowledge of the actual commission of a felony cognizable by a court of the United States and conceal it, and not to make it known as soon as possible to some judge or other person in civil or

23

military authority under the United States", and who by implication will act upon the crimes.

71. The Plaintiff brought to the attention of the Defendant(s) the fact that felonies had been committed and that these felonies had neither been investigated nor prosecuted.

72. The Plaintiff requested the Defendant(s) to take action regarding these felonies. The Plaintiff provided the Defendant(s) with prima facie evidence of the felonies or advised the Defendant(s) where that evidence was available for his/her information and action.

73. The Plaintiff has a right and the Defendant(s) owes the Plaintiff and the state a legal duty not to act unlawfully and violate 18USC 4, which violation would cause the Plaintiff harm and loss.

74. With reckless disregard for his/her legal duties towards the Plaintiff and his/her legal duties to the state in terms of 18USC 4, the Defendant(s) failed to take reasonable and prompt action. By his/her conduct, the Defendant(s) has violated 18 USC 4, common law, and other laws.

75. The Defendant(s) knew, or reasonably should have known, that the Plaintiff would suffer harm and loss should the Defendant(s) omit to execute his/her legal duties in terms of 18 USC 4.

76. By reason of the Defendant(s)' conscious, willful, and malicious conduct in violation of his/her legal duties, the Plaintiff has suffered and continues to suffer harm and loss.

## X.  FIFTH CAUSE OF ACTION

### Violation of Common Law duties regarding collusion and conspiracy

77. Plaintiff re-alleges paragraphs 1 through 44 as if fully set forth here in.

24

78. Neglecting your duty as a human being is morally wrong.

79. All in society have a duty *not* to combine with others to cause someone harm and loss. It is wrong to cause another the loss of rights and privileges which are common in society. In fact, legislators have considered this notion so imperative, that they have termed such an act a crime and have legislated against it. Title 18 USC 241 states that it is a crime "for two or more persons to conspire to oppress any person in any State in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States".

80. The Plaintiff brought to the attention of the Defendant(s) circumstances in which numerous parties conspired to commit crimes, which crimes would cause the Plaintiff harm and loss and deprivation of rights and privileges commonly enjoyed by all in society. The Defendant(s) was advised that although allegations of a conspiracy involving many officials of government had previously been lodged with law enforcement authorities, no action had been taken by the authorities and the collusion and the loss of rights and privileges continued. The information provided to the Defendant(s) also pointed to a grand failure of the legal system to prevent the harm, and pointed to an illegal cover up of a large number of criminal violations by officials. The Plaintiff provided the Defendant(s) with substantial *prima facie* evidence of the conspiracy or advised the Defendant(s) where such evidence was lodged, available for his/her information.

81. Officers of state hold a special position of trust in society and this is recognized in law, for example in Washington State law RCW 900. By way of his/her official position, the Defendant(s) holds a special position of trust in society and a special duty towards all in society, including the Plaintiff. The Plaintiff requested assistance from the Defendant(s) to halt the inequities described in a dossier of crimes.

82. Instead of taking reasonable, prompt and adequate remedial action, the Defendant(s),

with reckless disregard, omitted to take the action demanded by his special duty. This omission furthered the aims of the conspiracy, provided protection to the conspirators, and rendered the Defendant(s) culpable as a co-conspirator to commit crimes against the Plaintiff. Some of the laws violated in the conspiracy are listed in **Appendix 1**.

83. The Plaintiff has a right and the Defendant(s) owes the Plaintiff a common law duty not to conspire with others to commit crimes which conspiracy would cause the Plaintiff harm and loss.

84. The Defendant(s) knew, or reasonably should have known, that conspiring with others to commit crimes would result in the Plaintiff suffering harm and loss.

85. As a direct and proximate result of the Defendant(s)' unlawful and reckless conduct, Plaintiff has suffered, and continues to suffer harm and loss.

## XI. SIXTH CAUSE OF ACTION

### Violation of 18 USC § 371

86. Plaintiff re-alleges paragraphs 1 through 44 as if fully set forth here in.

87. Neglecting your duty as a human being is morally wrong.

88. It is encumbered upon us by society not to gang-up and cause someone harm and loss. In fact, legislators have considered this notion so imperative, that they have termed such act a crime and have legislated against it.

89. Title 18 USC 371 states in relevant part: "If two or more persons conspire either to commit any offense against the United States" "and one or more such persons do any act to effect the object of the conspiracy" each is guilty of Conspiracy to Commit Offense.

90. The Plaintiff brought to the attention of the Defendant(s) circumstances in which numerous parties conspired to commit offences. The Defendant(s) was advised that although allegations of a conspiracy involving many officials of government had previously been lodged with law enforcement authorities, these allegations had not been investigated or prosecuted.   The information provided the Defendant(s) also pointed to a grand failure of the legal system pertaining to this case, and to an illegal cover up of a large number of criminal violations by officials.

91. The Plaintiff requested the Defendant(s) to take care that the laws be faithfully executed, and that the allegations of conspiracy be investigated and prosecuted. The Plaintiff provided the Defendant(s) with substantial *prima facie* evidence of the conspiracy or advised the Defendant(s) where such evidence was lodged, available for his/her information.

92. Instead of taking reasonable, prompt and adequate remedial action, the Defendant(s), with reckless disregard, omitted to take the action demanded by his position. This act (omission) furthered the aims of the conspiracy, provided protection to the conspirators, and rendered the Defendant(s) culpable as a co-conspirator to commit offences and a co-conspirator against Plaintiff's rights, thereby breaching 18 USC § 371.  Some of the laws violated in the conspiracy are listed in **Appendix 1.**

93. The Plaintiff has a right and the Defendant(s) owes the Plaintiff a legal duty not to act unlawfully and violate 18USC 371, which violation would cause the Plaintiff harm and loss.

94. The Defendant(s) knew, or reasonably should have known, that violating 18 USC § 371 and conspiring with others to oppress the Plaintiff's rights under these circumstances, would result in the Plaintiff suffering harm and loss.

95. As a result of the Defendant(s)' unlawful and reckless conduct, Plaintiff has suffered,

27

and continues to suffer, harm and loss.

## XII.  SEVENTH CAUSE OF ACTION

### The Cause of the 'Action to Compel'

96.  Plaintiff re-alleges paragraphs 1 through 44 as if fully set forth here in.

97.  The Cause of the 'Action to Compel' is the failure of duty by 230 government officers.

## XIII.  DAMAGES

### *Damages for loss of assets*

98.  As a result of the Defendant(s)' wrongful and unlawful conduct, the Defendant(s) has caused the Plaintiff to suffer damages as follows:

99.  The loss of assets and income in the amount of $376 865 – representing the value of assets and income which were fraudulently extracted from the Plaintiff arising out of Washington State Superior Court Case # 00-3-02932-1.

### *Punitive damages*

100.   The recovery of assets by way of damages may bring satisfaction to the Plaintiff – but to the Plaintiff alone.  Through the payment of damages claimed above, justice will not be served.   Society will retain the scourge of the rampant *'criminality with impunity'* practiced in official circles, as the laws are clearly no deterrent to delinquent officials.

101.   In addition, it is obvious that officials will not advance criminal proceedings against another official, whatever their duties or status.  Testifying to this fact are 1.6 million crimes not addressed.  On the contrary, it appears that the criminal process holds no deterrent value to officials at all.  Moreover, the contribution of ⁞ $1600 by each Defendant to the damages claim will not affect the Defendants in any material way.  This will also not act as a deterrent to officials.

28

102.    Yet, in order to bring about a more benign society, it is essential that some punitive measure be taken against the Defendants for their misdeeds. Due to the seriousness of the violations of law committed by the Defendants, and due to the special position of trust and responsibility which the Defendants hold in society, the Plaintiff is further requesting the Court to award **Punitive Damages of $1 million** against each Defendant. Such punitive damages may act as a deterrent to those in similar positions who violate their common law and statutory duties to society, and who grossly abuse their special position of trust in society.

103.    Plaintiff is further requesting the Court to award as it sees fit **Additional Punitive Damages** against those specific Defendants who hold a greater status and responsibility in society, and who have, through their gross abuse and neglect of that status and responsibility, set an exceedingly poor example to all officials in lower levels of government across the country. Plaintiff is requesting the Court to award **Additional Punitive Damages** commensurate with those greater responsibilities and commensurate with the neglect thereof.

## XIV.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court makes an order against the First through Two Hundred and Thirtieth Defendants, as follows:

**Finding:**

1. Finding that the Defendant(s)

    1.1  failed his/her common law duties and/or

    1.2  failed his/her common law duties regarding reporting of crimes and/or

    1.3  failed his/her common law duties regarding collusion and conspiracy and/or

    1.4  violated his/her special position of trust and special duty and/or

1.5 violated 18 USC § 4 (Misprision of Felony) and /or

1.6 violated 18 USC § 371 (Conspiracy to Commit Offence)

2. Finding that the Defendants are jointly and severally liable for the losses sustained by the Plaintiff of $376 865, the one paying the other absolved.

**Awarding:**

3. Awarding Plaintiff damages for loss of assets and income in the amount of $376 865.

4. Awarding Plaintiff punitive damages of $1million from each of the Defendants

5. Awarding Plaintiff interest on the above amounts to the date of payment thereof

6. Awarding Plaintiff Additional Punitive Damages from each Defendant who holds/held a high level position, commensurate with:

6.1 The status of that Defendant's position in society.

6.2 The denigration of Defendant's office through the Defendant's gross abuse, omissions and willful neglect.

6.3 The disrepute which that Defendant has brought upon the United States of America and upon Washington State by joining in a conspiracy against the Civil Rights enshrined in the Constitution, which rights are so cherished by the people of the United States.

4. Awarding Plaintiff, and assess against the Defendant(s), his litigation costs, including reasonable attorneys fees, and

5. Awarding the Plaintiff such other and further relief as is just.

**Compelling**

6. Compelling the Defendant(s) to comply with and execute his/her particular statutory duties with respect to the particular parcel of allegations of multiple crimes presented to him/her by the Plaintiff.

## XV.  DENIAL OF ORDER TO COMPEL

Should the court deny the Plaintiff an order to compel each Defendant to comply with and

execute their statutory duties with respect to the allegations of multiple crimes presented to them by the Plaintiff, the *Court* is requested to deal with the allegations submitted to Court in the "Dossier of Crimes", in terms of Rule 4 of Federal Rules of Criminal Procedure and the statute on Misprision of Felony (18 USC 4).

Signed this 20 th day of December 2004

Anthony P. Keyter (Pro Se)

# Appendix 1

**Prima Facie evidence of violation of the laws listed below was provided to the Defendants:**

1. 14th Amendment, US Constitution
2. Article 3, Washington State Constitution
3. Conspiracy against Rights, 18 USC § 241
4. Conspiracy to commit an offense, USC 18 § 371
5. Deprivation of Rights, 18 USC § 242
6. Misprision of Felony, 18 USC § 4
7. Obstruction of Justice, 18 USC § 1505
8. Accessory after the Fact 18 USC § 3
9. Burglary - RCW 9A.52.025
10. Perjury - RCW 9.72
11. Fraud - RCW 9, 9A
12. Intent to Defraud - RCW 10.58.040
13. Theft - RCW 9A.56.030
14. Tampering with Physical Evidence - RCW 9A.72.150
15. Rendering criminal assistance - RCW 9A.76.080
16. Failure of duty by public official - RCW 42.20.100
17. Failure of judge to recuse - 2.28.030
18. Official Misconduct - RCW 9A.80.010
19. False report by public official - RCW 42.20.040
20. Oath of Office
21. Legislative Declaration - RCW 42.52.900
22. Perjury - RCW 9A.72
23. Perjury - Inconsistent statements -RCW 9A.72.050
24. Statements of what one does not know to be true - RCW 9A.72.080
25. False swearing - RCW 9A.72.040
26. False Representation - RCW 9.38
27. False representation concerning title - RCW 9.38.020
28. Separate property of husband - RCW 26.16.010
29. Separation contract - RCW 26.09.070
30. Unfair distribution of assets - RCW 26.09.080
31. Rights of Married Persons in General - RCW 26.16.150
32. Regarding Foreign Law - RCW5.44.050
33. International Law of Contract
34. Maintenance Orders - RCW 26.09.090
35. Payment of Costs - RCW 26.09.140
36. Changing of divorce decree after trial

# Appendix 2

Officers of government institutions listed below were approached with requests to tend to the investigation or prosecution of the crimes of this case. To date, nine hundred and twenty (920) individual requests have thus far been made to officers of these 32 pertinent institutions of government. All officers approached had a legal duty to take action upon the requests. Washington State Officers had duties in terms of Section 3 of the State Constitution and RCW 42. 52. 900 to act. Some pertinent laws that impose further duties upon specific officers are also listed.

1. City of Gig Harbor Police. Duties: RCW 10.93.020.1
2. City of Tacoma Police. Duties: RCW 10.93.020.1
3. Pierce County Sheriff. Duties: RCW 10.93.020.1
4. Washington State Patrol. Duties: RCW 10.93.020.1
5. FBI
6. City of Gig Harbor Prosecutor.
7. Pierce County Prosecutors.
8. Councilors of Pierce County.
9. Councilors of the City of Tacoma.
10. Washington State Executive. Duties: Office of the Governor, Lt. Governor, and Secretary of State. Duties: RCW 43.06.010
11. Washington State Attorney General: Duties: RCW 43.010.090
12. Washington State Senate.
13. Washington State Senate Judiciary Committee.
14. Washington State House of Representatives.
15. Washington State House Judiciary Committee.
16. Washington State Chief Justice.
17. Washington State Commission on Judicial Conduct. Duties:  RCW 42.52.370 and RCW 2.64
18. Washington State Commission on Gender and Justice.
19. Washington State Superior Court Judges Association.
20. Washington State Bar Association
21. Washington State Legislative Ethics Committee. Duties: RCW 42.52.320
22. Washington State Executive Ethics Committee. Duties: RCW 42.52.360
23. Pierce County Ethics Committee.
24. US Attorney, Seattle. Duties: 28 USC 547
25. US Attorney, District of Columbia. Duties: 28 USC 547
26. US Department of Justice, Civil Rights Division
27. US Department of Justice, Criminal Division
28. US Senate
29. US Senate Committee on the Judiciary
30. US House of Representatives.
31. US House of Representatives Committee on the Judiciary
32. US Executive. Duties: US Constitution, Article II § 3