1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

ANTHONY P. KEYTER,

12

Plaintiff,

Case No.  C04-5867(RJB)CCL

13

v.

14

230 GOVERNMENT OFFICERS,

ORDER

15

Defendant.

16   On May 20, 2005, the undersigned Senior District Judge granted Defendants' motions to

17   dismiss Plaintiff's Complaint, with prejudice, for failure to state a claim and for lack of subject matter

18   jurisdiction. The undersigned also ordered stricken Plaintiff's Notice of Joinder of Government

19   Officers, which was filed by Plaintiff on May 3, 2005, in an attempt to belatedly add as parties

20   defendant 51 government officers, including the undersigned and Judges Bryan and Lasnik of the

21   United States District Court, Tacoma Division, as well as counsel for the United States herein.

22   Specifically, the order dismissing Plaintiff's Complaint ruled as follows:

23      IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify Judge is
DENIED.

24      IT IS FURTHER ORDERED that all motions to dismiss are GRANTED.
The Complaint is DISMISSED with prejudice for failure to state a claim and for lack

25   of subject matter jurisdiction, and all relief is denied to Plaintiff.
   IT IS FURTHER ORDERED that Plaintiff's Notice of Joinder of Government

26   Officers is STRICKEN.

ORDER - 1

1

2

        IT IS FURTHER ORDERED that Plaintiff Anthony P. Keyter is prohibited from filing in this Court against any of the 230 named Defendants or the 51 proposed additional defendants any further claim arising from the subject matter of this case. Any future filing that violates this prohibition will be subject to summary dismissal by the court and may subject Keyter to a citation for contempt of court.

3

        Let judgment enter.

4

        Now before the Court is a July 14, 2005, filing by Plaintiff entitled "Amendment to Notice of

5

Joinder of Government Officers." This filing states that it is submitted for the purpose of adding

6

7

three additional defendants to the case to the proposed 51 additional defendants (and deleting two

8

defendants from the proposed 51 who are duplicated in the original Complaint). Additionally,

9

Plaintiff has undertaken actions and efforts to serve or otherwise obtain jurisdiction over some of

10

these 3 additional defendants and to continue this case.

11

        It appears to the Court that:

12

    1.      Plaintiff, having filed, on July 14, 2005, a Notice of Appeal with the Court of Appeals

13

            of the Ninth Circuit, is prohibited from attempting to prosecute further his case in the

14

            district court.

15

    2.      The attempted amendment is a nullity in that the document to be amended has already

16

            been stricken from the record. Any attempt to serve process upon any of the

17

            proposed additional defendants is invalid, as such service of process is not supported

18

            by any valid Complaint naming any proposed additional defendant and final judgment

19

            has entered in the case.

20

    3.      The Amendment to Notice of Joinder of Government Officers is a violation of this

21

            Court's order that no more filings be made against any of the 230 named Defendants

22

            or the 51 proposed additional defendants.

23

    4.      The Amendment to Notice of Joinder of Government Officers is subject to summary

24

            dismissal by this Court.

25

    5.      This Court finds that the Amendment to Notice of Joinder 4 of Government Officers

26

            constitutes contempt of court as it is a willful disobedience of this Court's lawful

order and a misbehavior in the Court's presence or so near thereto as to obstruct the administration of justice. 18 U.S.C. § 401. The Court, in due course, may set down a time and place for hearing and consideration of possible imposition of sentence for contempt of court of Anthony P. Keyter.

6.    Because defendants are uncertain regarding the effect of the improper attempted "Amendment of Notice" and are also uncertain how or whether to respond to it to properly protect their interests, this Court deems it necessary to enter this ministerial order despite transfer of jurisdiction to the Court of Appeals.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's "Amendment to Notice of Joinder of Government Officers" (Document No. 62) is STRICKEN.

The Clerk is directed forthwith to notify the parties and all proposed defendants named in the Amendment of Notice of Government Officers of entry of this order.

Done and dated this 22nd day of August, 2005.


/s/_____
CHARLES C. LOVELL
Senior United States District Judge

ORDER - 3